**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| RICHARD S. EVANS, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff HOWARD SILLS, Major HORNE, and Lieutenant SCRUGGS, | : | NO. 5:09-cv-94 (HL) |
| Defendants | : | **O R D E R** |

*Pro se* plaintiff **RICHARD S. EVANS, JR.**, presently confined in the Putnam County Jail in Eatonton, Georgia, has complied with this Court's previous order that he complete 42 U.S.C. § 1983 complaint and IFP forms and answer certain questions about his claims. This Court previously granted plaintiff's IFP motion.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A claim is factually frivolous when the facts alleged are "fanciful," "fantastic," and "delusional." ***Denton v. Hernandez***, 504 U.S. 25, 32-33 (1992).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

In his original pleading, plaintiff alleged that officials at the Putnam County Jail denied him pre-printed forms for filing a state habeas corpus petition and access to a law library. The Putnam County Jail apparently does not have a law library. Plaintiff summarily alleges that the lack of a law library has caused him injury in that he has been unable to file an appeal of, or collaterally attack, the 36 month sentence he received in the Superior Court of Putnam County on January 9, 2009.

In his supplemental complaint, plaintiff additionally alleges that defendants imposed a telephone restriction on him and, as a result, plaintiff was unable to communicate with his legal counsel to "preserve his appellant's rights."

## III. DISCUSSION

### A. *State Habeas Forms*

Plaintiff complains that Putnam County Jail officials denied him pre-printed forms for filing a state habeas corpus petition. It is not clear that jail officials have any responsibility to provide plaintiff with such forms, but in any event, on February 26, 2009, a docket clerk in this Court mailed plaintiff the requisite forms. Thus, plaintiff has not suffered an actual injury as a result of any failure of Putnam County jail officials to provide plaintiff with habeas forms.

*B. Law Library*

In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court stated that prisoners do not have unrestricted rights to law libraries, materials, and legal assistance. Instead, quoting *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court found that prisoners are entitled to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351. Access to a law library "is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted).

In order to assert a valid access to the courts claim, a section 1983 plaintiff must show actual injury or harm resulting from the acts of the defendants. *Lewis*, 518 U.S. at 351. An actual harm is established by an inmate showing that a direct appeal of his conviction, a habeas petition, or a civil rights action implicating a basic constitutional right was frustrated or impeded and that this action was non-frivolous. *Id.* at 353-54; *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir.1998). In order to show actual injury, a plaintiff must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), *cert. denied*, 129 S. Ct. 104 (2008) (internal quotes and citations omitted).

Plaintiff has failed to allege that the non-availability of a law library has infringed to any degree on his constitutional right to litigate a non-frivolous claim. Although he complains that he was refused access to the law library, plaintiff does not allege that he attempted to file an appeal or a habeas corpus petition. Based upon plaintiff's filings in the instant case, he appears to be sufficiently

3

familiar with the issues to pursue one of the avenues available to him in state court. Had he done so, and his filings been dismissed, then plaintiff might have a colorable claim for denial of access to the courts. Given plaintiff's failure to attempt to pursue state court actions, however, plaintiff does not have such a claim. Moreover, plaintiff may still timely file a petition for habeas corpus in state court.

### C. Legal Counsel

Plaintiff's assertion that defendants would not allow plaintiff access to a phone to contact his attorney likewise fails to state a valid claim. Even if true, plaintiff fails to allege that he could not contact his attorney by mail. Moreover, plaintiff fails to allege any injury arising out of his inability to call his attorney.

## IV. CONCLUSION

In light of the foregoing, this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 25th day of March, 2009.

                                          *s/ Hugh Lawson*
                                          HUGH LAWSON
                                          UNITED STATES DISTRICT JUDGE

cr